[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2006
THOMAS K. KAHN
CLERK

No. 06-12961
Non-Argument Calendar

_____

BIA Nos. A70-683-237 & A70-683-239

ANTONINA VOLKOVA,
SERGUEI BOURDOV,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 22, 2006)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner, Antonina Volkova, a native and citizen of Russia, petitions

this court for review of the final order of the Board of Immigration Appeals

("BIA") denying her motion to reconsider, or to reopen, the denial of her motion to remand her case to the immigration judge ("IJ") for reconsideration of her 1994 application for asylum and withholding of removal in light of changed country conditions. We review the BIA's denial of a motion to reopen for abuse of discretion. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). We review the BIA's denial of a motion to reopen for abuse of discretion. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003).[1] After careful review, we deny, in part, the petition for review and dismiss it in part.[2]

In 1994, Volkova and her husband unsuccessfully applied for asylum and withholding of removal, alleging past persecution and a fear of future persecution, both based on her Baptist faith, Russian nationality, race, and membership in a

---

[1] To the extent the BIA treated Volkova's motion as a motion for reconsideration, we discern no abuse of discretion. See Assa'ad v. U.S. Atty. Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003) (reviewing BIA's denial of motion for reconsideration for abuse of discretion).

[2] Volkova also seeks review of the BIA's underlying final order of removal denying her asylum, withholding of removal, and CAT relief, and denying her motion to remand to the IJ. The BIA entered this order on January 9, 2006. Pursuant to our "obligat[ion] to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking[,]" we conclude we lack jurisdiction to review the January 9, 2006 order. See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. 8 U.S.C. § 1252(a)(1), (b)(1). The Supreme Court has held that this statutory time limit is "mandatory and jurisdictional" and is "not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405 (1995) (construing the former 90-day period for filing a petition for review under 8 U.S.C. § 1105a(a)). Moreover, the Supreme Court has further held that "the filing of [a] reconsideration motion does not toll the time to petition for review." See Stone, 514 U.S. at 395. Because the instant petition for review was not filed within 30 days of the BIA's January 9, 2006 final order of removal, we lack jurisdiction and must DISMISS Volkova's petition as to that order.

2

particular social group comprised of non-Chechnens who have lived in Chechnya and are therefore subject to discrimination by Russians. On June 4, 2001, following the enactment of new legislation regarding applications for adjustment of status, Volkova moved to reopen her asylum case, in order to seek readjustment of status under the new legislation. The BIA granted the motion to reopen and remanded the matter to the IJ for further consideration of Volkova's eligibility for adjustment of status. During the course of her adjustment-of-status proceedings, Volkova also moved the IJ to reconsider her application for asylum and withholding of removal, based on her fear of future persecution if she returned to Russia, particularly in light of the intervening enactment of Russia's Law on Religion in 1997. The IJ denied the motion and determined Volkova was not eligible for adjustment of status.

Volkova appealed to the BIA, which construed her appeal as both an appeal from the denial of adjustment of status and a new motion to remand to the IJ based on changed country circumstances. On January 9, 2006, the BIA affirmed the IJ's denial of adjustment of status and denied Volkova's motion to remand, finding that Volkova had neither established prima facie eligibility for asylum, nor demonstrated "changed circumstances," within the meaning of 8 C.F.R. § 1208.4(a)(4). Volkova moved for reconsideration, attaching an affidavit outlining her asylum claim and a statement from a professor describing the worsening

3

conditions in Russia. On April 27, 2006, the BIA denied the motion to reconsider, which it interpreted in part as a motion to reopen, reiterating its previous reasoning. On May 24, 2006, Volkova filed the instant petition for review.

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). In the motion to reopen that forms the basis of this appeal, Volkova's argument went primarily to the latter ground, a "well-founded fear" of future persecution. "To establish eligibility for asylum based on a well-founded fear of future persecution, the

4

applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted).

A petitioner may file a motion to reopen where there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). The regulations provide that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); see also See Al Najjar, 257 F.3d at 1302 (11th Cir. 2001) (recognizing that there are at least three independent grounds on which the BIA may deny a motion to reopen: "(1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.").

Here, Volkova's evidence primarily consisted of news articles about the activities of extremist nationalist groups in Russia and the government's treatment of evangelical groups. Volkova argued that the 1997 enactment of the Law on Religion had resulted in the persecution of evangelical churches, and that she, as a Baptist, would face this persecution if she returned to Russia. As in her initial

asylum proceedings, she did not produce sufficient evidence that the generalized treatment of evangelical groups meant that <u>she</u> would be singled out for mistreatment and persecuted, within the meaning of the INA. <u>Cf.</u> <u>Al Najjar</u>, 257 F.3d at 1287 (to demonstrate a well-founded fear of persecution, an alien must "present specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution" (quotation omitted)). We discern no abuse of discretion in the BIA's conclusion that Volkova's evidence of "changed circumstances" did not materially affect Volkova's asylum eligibility. Accordingly, we deny Volkova's petition with respect to the BIA's April 27, 2006, decision.

**PETITION DISMISSED IN PART AND DENIED IN PART.**